UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COBBLER NEVADA, LLC,

      Plaintiff,

v.                                     Case No: 8:16-cv-197-T-35JSS

JOHN OR JANE DOE,

      Defendant.

_____/

**ORDER ON MOTION FOR LEAVE TO SERVE
NON-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference. (Dkt. 4.)  For the reasons that follow, Plaintiff's Motion is granted.

Plaintiff, Cobbler Nevada, LLC, a filmmaker and motion-picture copyright holder, filed this copyright infringement action against the unnamed Defendant, John or Jane Doe, alleging that Defendant infringed Plaintiff's copyright in the motion picture *The Cobbler* by copying and reproducing the movie using BitTorrent, a peer-to-peer file distribution network used to transfer large amounts of data over the Internet.  (Dkt. 1.)  Plaintiff has identified Defendant by his or her Internet Protocol ("IP") address through which Defendant allegedly committed this infringement. Accordingly, Plaintiff seeks to serve a non-party subpoena on the Internet Service Provider ("ISP") that assigned the IP address to Defendant to determine Defendant's true identity prior to the scheduling conference required under Federal Rule of Civil Procedure 26(f).

Under Federal Rule of Civil Procedure 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due.  Fed. R. Civ. P. 26(f)(1).

Typically, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) unless authorized by court order.  Fed. R. Civ. P. 26(d)(1).  However, a court may authorize early discovery for convenience of the parties or witnesses, and in the interests of justice, and may order discovery of any relevant matter for good cause.  Fed. R. Civ. P. 26(b)(1), 26(d)(2).

Here, Plaintiff has shown good cause to conduct limited discovery prior to the Rule 26(f) conference.  First, Plaintiff has shown that it owns a valid copyright in its film *The Cobbler* and has shown the IP address of the Defendant and the transaction date ("hit date") of the alleged infringement.  (Dkt. 1, Ex. A, B.)  Further, Plaintiff filed a Declaration of Daniel Macek, who was retained as a consultant by a forensic investigation company (Maverickeye UG) to identify infringers of Plaintiff's copyrighted motion picture.  (Dkt. 4-2.)  In the declaration, Mr. Macek states that Maverickeye monitored certain peer-to-peer networks for copies of Plaintiff's motion picture and determined that Defendant was using an assigned IP address to gain access to the Internet and copy and distribute Plaintiff's copyrighted motion picture.  (Dkt. 4-2.)  Second, Plaintiff has identified the specific information it seeks through discovery: the true name and contact information of the Defendant.  Third, Plaintiff has shown that no alternative means exist to obtain Defendant's true identity, as the ISP is the only entity that can identify the otherwise anonymous Defendant and can only do so once provided with the subscriber's IP address and the date and time of the alleged infringement.  Finally, Plaintiff's interest in ascertaining Defendant's true identity outweighs Defendant's interest in remaining anonymous, especially given that Defendant was allegedly distributing copyrighted material over the Internet without authorization, and this lawsuit cannot proceed without obtaining Defendant's true identity.  As such, Plaintiff has

established good cause for proceeding with limited, early discovery prior to the Rule 26(f) conference. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference (Dkt. 4) is **GRANTED**.

2. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name, address, e-mail address, and media access control ("MAC") address of the Defendant to whom the ISP assigned an IP address. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B), which provides that:

   > A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

   In accordance with this provision, the ISP shall send a copy of this Order to Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set

forth in its Complaint.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party